UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KRISTOPHER DAVIS,** | ) |
| Petitioner, | ) Case No. 12-2240 |
| v. | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**OPINION**

This case is before the court for ruling on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (#1) and Respondent's Response and request to dismiss for lack of jurisdiction (#3). The court has reviewed Petitioner's brief and the Government's brief. Following this careful review, Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED as a second or successive motion without certification from the Court of Appeals.

**Background**

On January 9, 2008, Petitioner was charged by indictment along with two co-defendants with conspiracy to distribute 50 or more grams of cocaine base (crack). (08-CR-20006, #14). On April 21, 2008, Petitioner entered into a plea agreement with the Government. (08-CR-20006 #28). Among other conditions in the plea agreement, Petitioner waived his right to appeal from conviction and sentence. The agreement stated, in pertinent part, as follows:

> [T]he defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.
>
> [ * * *]
>
> [T]he defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

(08-CR-20006 #28).

On March 22, 2010, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (10-CV-2068 #1). This court dismissed that motion based on Petitioner's waiver of appeal in his plea agreement. (10-CV-2068 #21). Petitioner appealed, and on February 14, 2011, the Seventh Circuit denied a certificate of appealability. (10-CV-2068 #34).

On September 13, 2012, Petitioner filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the present case. (#1). Following the resolution of an administrative error, the Government filed its Motion for Leave to File Response to Petitioner's Motion Instanter and Response to Motion. (#3). The Motion for Leave to File Response Instanter was granted on December 18, 2011.

## Analysis

The Government, as Respondent, argues that this court must dismiss Petitioner's second petition for habeas for lack of jurisdiction as a second or successive motion that has not been certified by the Seventh Circuit. Title 28, U.S.C. § 2255(h) requires, in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request. *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

Petitioner provides no certification that he sought and obtained approval from the Seventh Circuit before filing this motion. Accordingly, this court is without jurisdiction to entertain Petitioner's request and must dismiss the motion.

Even if Petitioner had obtained approval from the Seventh Circuit, which he did not, he cannot overcome his waiver of the right to appeal from conviction and sentence and his waiver of right to collateral attack. Accordingly, Petitioner's Motion must be dismissed on these alternate grounds.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner

must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable that this court correctly found that this court is bereft of jurisdiction pursuant to 28 U.S.C. § 2255(h), and that regardless, Petitioner waived his right to appeal and to collateral attack.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED with prejudice.

(2) A certificate of appealability is DENIED.

ENTERED this 12th day of April, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE